UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMES ALAN BATES, No. 127437 | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-120 |
| | ) | *Greer/ Inman* |
| STATE OF TENNESSEE | ) | |

## **MEMORANDUM and ORDER**

Acting *pro se*, James Alan Bates, a prisoner at the Northeast Correctional Complex [NECX] in Mountain City, Tennessee, brings this petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under a state court judgment of convictions. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. [Doc. 1].

At the outset, the Court notes that the named respondent is the State of Tennessee, but that the proper respondent is petitioner's current custodian. *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Since petitioner is confined at the NECX, the warden of that facility is his current custodian. Accordingly, the State of Tennessee is **DISMISSED** as the respondent and Howard Carlton, the Warden of the NECX, is **SUBSTITUTED** as the respondent.

According to the face of the pleading, in 2003, petitioner was convicted by a jury in the Sullivan County, Tennessee Circuit Court of two counts of especially aggravated kidnapping; three counts of misdemeanor assault; and one count each of

possession of a weapon by a convicted felon, felony evading arrest, and possession of marijuana. For these offenses, petitioner received an effective 46-year prison sentence. As grounds for his section 2254 petition, he alleges that there was insufficient evidence to convict him of the especially aggravated kidnapping counts; that, in several respects, his counsel gave him ineffective assistance; and that there was a sentencing error.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on respondent and the Attorney General of the State of Tennessee by mail. Since it is unclear from the face of the petition and exhibits annexed thereto that this cause should be summarily dismissed, respondent is **ORDERED** to file an answer or other pleading to the petition within thirty (30) days of the date of entry of this Order. *See* Rule 4, Rules Governing Section 2254 Cases.

If respondent files a dispositive motion, he must also file all documents considered by the state courts, so this Court will be able to determine if the record supports the findings of the state court.[1]

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1] If respondent files a motion to dismiss based on a time-bar or a failure to exhaust available state remedies, only the documents to substantiate those grounds should be provided to the Court.